IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARYSA KWINTKIEWICZ et al.   *
                                         *
v.                                     *    Civil Action No. WMN-10-3212
BENTLEY MOTORS, INC. et al.    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Before the Court is a partial motion to dismiss filed by Defendant, Bentley Motors, Inc. (Bentley Motors). ECF No. 14. The motion is fully briefed. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be granted.

**I. BACKGROUND**

This action arises from the purchase by Plaintiffs of a 2007 Bentley Continental Flying Spur. Plaintiffs purchased the vehicle from Park Place Bentley Dallas on September 25, 2007. After purchasing the vehicle, Plaintiffs discovered a number of alleged defects of which they were not aware at the time of purchase. These defects included peeling paint, a faulty speedometer, and a loss of power after extended periods of rest. Plaintiffs claim that authorized Bentley dealerships have failed to correct the defects despite repeated visits. Am. Compl. ¶ 6.

Plaintiffs are residents of Baltimore City. On September 27, 2010, they filed a complaint in the Baltimore City Circuit Court naming Bentley Motors and Park Place Bentley Dallas as Defendants. Bentley Motors is the manufacturer of the vehicle, and Park Place Bentley Dallas is the dealership from which they purchased the vehicle. On November 12, 2010, Bentley Motors removed the action to this Court.

Plaintiffs amended their complaint on January 7, 2010. The Amended Complaint includes five counts: Count I for breach of implied warranty, Count II for breach of implied warranty under the Magnuson-Moss Warranty Act, Count III for breach of express warranty under Magnuson-Moss Warranty Act, Count IV for fraud, and Count V for breach of Contract. Plaintiffs seek compensatory damages under all five counts and punitive damages under Count IV only. Bentley Motors has now moved to dismiss Count IV of Plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Bentley Motors argues that Plaintiffs failed to meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b), and that they did not allege facts supporting a punitive damages award.

**II. LEGAL STANDARD**

To survive a Rule 12(b)6 motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). "Detailed factual allegations" are not required, but allegations must be more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action[.]" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[O]nce a claim has been stated adequately," however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

Furthermore, fraud claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting fraud or mistake," but the party may allege "malice, intent, knowledge, and other

conditions of a person's mind" generally. Therefore, "a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." Adams v. NVR Homes, Inc., 193 F.R.D. 243, 250 (D. Md. 2000). "A complaint fails to meet the particularity requirements of Rule 9(b) when a plaintiff asserts merely conclusory allegations of fraud against multiple defendants without identifying each individual defendant's participation in the alleged fraud." Id.

**III. DISCUSSION**

As an initial matter, the Court recognizes that some uncertainty exists regarding which state's law applies to this action. While Defendant assumes that Maryland law applies, Plaintiffs argue that Delaware or Texas law might apply. No choice of law analysis supports the application of Delaware law, but Plaintiffs' argument for Texas law may have merit. Plaintiffs, however, have failed to provide the facts necessary for a proper choice-of-law analysis.[1] Nevertheless, whether Maryland or Texas law applies, the elements of a fraud claim are

---

[1] "A federal court sitting in diversity must apply the choice-of-law rules from the forum state." Wells v. Liddy, 186 F.3d 505, 521 (4th Cir. 1999). Maryland follows the rule of *lex loci delicti* to determine the applicable law in tort actions. Philip Morris Inc. v. Angeletti, 752 A.2d 200, 230 (Md. 2000). The rule of *lex loci delicti* requires the court to apply the law of the place of injury. Johnson v. Oroweat Foods Co., 785 F.2d 503, 511 (4th Cir. 1986).

4

largely identical in both states.  Therefore, the Court does not need to resolve this question.

In an action for fraud based on an affirmative representation, both Maryland and Texas law require a false representation made by Defendants.  <u>Hoffman v. Stamper</u>, 867 A.2d 276, 292 (Md. 2005); <u>Matis v. Golden</u>, 228 S.W.3d 301, 305 (Tex. App. 2007).  Plaintiffs have failed to allege any facts permitting the inference that Bentley Motors made a false representation regarding the vehicle.  While the pleadings do aver numerous affirmative representations by the dealership, they do not contain any similar averments against Bentley Motors.

Moreover, fraud in both Maryland and Texas requires that the falsity of the representation "was either known to the defendant or that the representation was made with reckless indifference as to its truth."  <u>Nails v. S & R, Inc.</u>, 639 A.2d 660, 668 (Md. 1994); <u>Prudential Ins. Co. of Am. v. Jefferson Associates, Ltd.</u>, 896 S.W.2d 156, 162 (Tex. 1995).  Nowhere in the pleadings do Plaintiffs aver that Bentley Motors knew of or displayed reckless indifference to the allegedly defective paintwork.  The Amended Complaint merely alleges, in Count I, that Bentley Motors "knew or should have known" of the electrical and mechanical defects. Am. Compl. ¶ 16.  These defects, however, are not the subject of Count IV.  In addition,

5

even if they were, Plaintiffs make only a conclusory allegation of Bentley Motors' knowledge.

Plaintiffs also appear to allege a cause of action for fraud by nondisclosure. Am. Compl. ¶ 36 ("Defendants committed fraud by commission or omission."). Maryland and Texas law allow a claim for fraud by nondisclosure where the defendant has a duty to disclose. Rhee v. Highland Dev. Corp., 958 A.2d 385, 389 (Md. Ct. Spec. App. 2008); Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997). Both states' laws impose a duty to disclose when a fiduciary or special relationship exists between the parties, or "when one party makes a partial and fragmentary statement of fact." Estate of White ex rel. White v. R.J. Reynolds Tobacco Co., 109 F.Supp.2d 424, 431 (D. Md. 2000); Lesikar v. Rappeport, 33 S.W.3d 282, 299 (Tex. App. 2000). Texas law also imposes a duty "where one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and . . . where one makes a partial disclosure and conveys a false impression." Lesikar, 33 S.W.3d at 299. Neither state imposes a duty to disclose on a party to a transaction absent one of the above circumstances. Maryland Envtl. Trust v. Gaynor, 803 A.2d 512, 516 (Md. 2002) ("Maryland recognizes no general duty upon a party to a transaction to disclose facts to the other party."); Bradford v. Vento, 48 S.W.3d 749, 755 (Tex. 2001).

The Amended Complaint does not allege that Bentley Motors was a party to the transaction nor does it provide facts upon which the Court could make that conclusion. Moreover, the Amended Complaint contains no allegations or facts permitting the conclusion that Bentley Motors has a fiduciary or special relationship with Plaintiffs or that Bentley has made partial representations to Plaintiffs resulting in a duty to disclose. Plaintiffs argue that Bentley Motors owes a duty to Plaintiffs due to the price and stature of the vehicle, but the existence of a duty of disclosure requires more than a transaction for a high-priced luxury product. Plaintiffs also argue that Bentley Motors owes Plaintiffs a duty as the first titled owner of the vehicle, but the Court declines to create a duty on the first owner of a good to every subsequent owner in the absence of a special relationship or partial representation.

To lessen their pleading burden, Plaintiffs argue that the heightened pleading requirement of Rule 9(b) does not apply to fraud by nondisclosure or concealment. This Court has held otherwise. See Hill v. Brush Engineered Materials, Inc., 383 F.Supp.2d 814, 823 (D. Md. 2005). While one may not be able to describe a failure to disclose with particularity, the particularity requirement does apply to the circumstances resulting in a duty to disclose. See, e.g., Breeden v. Richmond Cmty. Coll., 171 F.R.D. 189, 195 (M.D.N.C. 1997). Plaintiffs

7

have failed to allege with particularity any circumstance in which Bentley Motors would have a duty to Plaintiffs under Maryland or Texas law.

Maryland law also supports a claim for fraudulent concealment against the seller of an automobile when the seller "actively and with the intent to deceive conceals a material fact, . . . the purchaser justifiably relies upon the concealment . . . and, as a proximate result, the purchaser suffers damages." Rhee, 958 A.2d at 391. In this case, Plaintiffs have failed to allege with particularity any set of facts supporting a claim that Bentley Motors actively concealed material facts regarding the paint on the purchased vehicle. Such a claim would require allegations that Bentley Motors knew of the alleged defect and set in motion a plan to conceal the defect. As noted above, the Amended Complaint lacks any allegations that Bentley Motors knew of the allegedly defective paintwork. Bentley Motors could not actively conceal a condition of which it was not aware. Furthermore, even if Bentley Motors had known of the defective paintwork, a claim for fraudulent concealment would require an assertion that Bentley Motors took steps to conceal the condition. Plaintiffs do not make that assertion. Therefore, they fail to make a valid claim for fraudulent concealment under Maryland law.

Upon the dismissal of Count IV against Bentley Motors, any claim for punitive damages against Bentley Motors must fail as well, as Count IV was the only count in which Plaintiffs requested punitive damages.

## IV. Conclusion

For the foregoing reasons, the Court finds that Bentley Motors' partial motion to dismiss should be granted. A separate order will issue.

```
                       _____/s/_____
                       William M. Nickerson
                       Senior United States District Judge
```

DATED: April 7, 2011